UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDY BOND,

    Plaintiff,

v.                                                        Case No. 19-CV-30

MILWAUKEE POLICE DEPARTMENT et al.,

    Defendants.

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE AND
REPORT AND RECOMMENDATION TO DISMISS CASE

On January 4, 2019, Brandy Bond filed a complaint against the Milwaukee Police Department and Marcus Corporation alleging that they violated her civil rights. (Docket # 1 at 3–4.) Bond also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Bond has previously filed three cases in this District that were dismissed, including two last year. *Bond v. Milwaukee Police Dep't et al.*, No. 18-CV-1624 (E.D. Wis. Oct. 30, 2018); *Bond v. Milwaukee Police Dep't et al.*, No. 18-CV-402 (E.D. Wis. Aug. 21, 2018); *Bond v. Wis. Hosp. Grp. et al.*, No. 17-CV-114 (E.D. Wis. Jan. 31, 2017). Like those earlier complaints, even construed extremely liberally, I cannot extract a cognizable federal claim from this complaint. Therefore, I will deny her motion to proceed *in forma pauperis* and recommend that this action be dismissed.[1]

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Bond's petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

# ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). To state a claim, a complaint must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *DeWalt*, 224 F.3d at 612. The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The court is obliged to construe a *pro se* plaintiff's allegations liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Bond alleges that on three occasions, employees of hotels and/or restaurants called police after incidents involving Bond. Bond alleges that on October 15, 2018, a Miller Time pub employee called police to have Bond removed from the premises. (Docket # 1 at 3.) The police issued Bond a citation that was later dismissed by the circuit court. (*Id.*) Bond also claims that on May 18, 2018, she was attacked at the Hilton City Center. (*Id.*) She alleges that the police arrested her and took no action to investigate the alleged attack. (*Id.*) Finally, Bond alleges that she was arrested following an altercation at a fundraiser at the Pfister Hotel. (*Id.*) Bond alleges that police dragged her from the hotel, drove her to a dangerous corner, and left her there. (*Id.*) Apparently, no charges were filed in the latter two incidents. (*Id.*) Based on these facts, Bond alleges that the Milwaukee Police Department and Marcus Corporation violated her civil rights under the 42 U.S.C. § 1983 by falsely arresting her, defaming her character, causing mental and physical injury, and acting in a racially and sexually discriminatory fashion. She also alleges that her equal protection and free speech rights were violated.

I struggle to identify any cognizable federal claim in these facts. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was committed by a person acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (*citing Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). I will assume that Marcus Corporation is the owner of the Pfister Hotel. Marcus Corporation is not a state actor and thus cannot be liable under § 1983.

The Milwaukee Police Department is a state actor, but it is an arm of the City of Milwaukee and cannot be sued separately from the city. *Whiting v. Marathon County Sheriff's*

*Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). As I explained in *Bond v. Milwaukee Police Dep't et al.*, No. 18-CV-1624 (E.D. Wis. October 30, 2018), even if I assume Bond intended to sue the City of Milwaukee, there is still no basis for the city's liability. Local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). A municipality or county can only be liable under § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id*. To establish liability under *Monell*, a plaintiff must "show the existence of a policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation." *Jones v. City of Chicago*, 787 F.2d 200, 203 (7th Cir. 1986) (citing *Monell*, 436 U.S. at 690-694). Because Bond does not make any allegations of an official custom, policy, or practice that is unconstitutional, there is no basis to hold the city liable for the actions of the police officers. Thus, Bond's action against the Milwaukee Police Department must be dismissed.

Even construed extremely liberally, Bond's complaint does not state a claim upon which relief may be granted. Therefore, I will deny her motion to proceed *in forma pauperis* and recommend that Bond's complaint be dismissed for failure to state a claim.

### ORDER AND RECOMMENDATION

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket # 2) be **DENIED**.

**IT IS RECOMMENDED** that this case be dismissed for failure to state a claim.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 7th day of January, 2019.

BY THE COURT

 *s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge