# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDY BOND,

        Plaintiff,

v.

MILWAUKEE POLICE DEPARTMENT and MARCUS CORPORATION,

        Defendants.

Case No. 19-CV-30-JPS

**ORDER**

On January 4, 2019, Plaintiff Brandy Bond filed a *pro se* complaint alleging that the defendants, Milwaukee Police Department and Marcus Corporation, violated her civil rights by illegally arresting her on three occasions. (Docket #1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The case was randomly assigned to Magistrate Judge Nancy Joseph. The magistrate denied Plaintiff's motion to proceed *in forma pauperis* and recommended dismissal of the action for failure to state a claim. (Docket #4 and #5).

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* The Court must review *de novo* any portion of the magistrate's recommendation to which the Plaintiff properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). On January 17, 2019, Plaintiff timely filed an objection in a different case, case number 19-CV-29, which was filed on the same date as the above-captioned case, and which also received a recommendation of dismissal

from Magistrate Judge Joseph. In Plaintiff's objection to 19-CV-29's recommendation, she referenced the above-captioned case, and objected that her complaints were not properly evaluated under the liberal pleading standard applied to *pro se* litigants. (Case No. 19-CV-29, Docket #6 at 1–2). In light of the Plaintiff's status as a *pro se* litigant, the Court will assume that she intended the objection to apply to this case as well. However, the Court has considered Magistrate Joseph's recommendation and will adopt it for the reasons stated below.

The Court is authorized to screen lawsuits filed by indigent litigants in order to fulfill the dual objective of ensuring access to the federal courts and preventing litigants from filing frivolous, malicious, or repetitive lawsuits. *See* 28 U.S.C. § 1915; *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). First, the Court must evaluate the litigant's ability to pay the initial filing fee. 28 U.S.C. § 1915(a)(1). Second, the Court must determine whether the action is "frivolous or malicious . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." *Id.* at 1915(e)(2)(B)(i)–(iii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325; *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim

showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S.

635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The magistrate dismissed Plaintiff's motion to proceed *in forma pauperis* because her complaint failed to state a claim upon which relief could be granted. *See* (Docket #4). For the same reason, the magistrate recommended the action be dismissed. (Docket #5).

Magistrate Joseph's recommendation of dismissal is appropriate because neither defendant is a viable party to the suit. Marcus Corporation is a private entity, and is not subject to liability under 42 U.S.C. § 1983, which requires individuals to be operating under the color of law. The Milwaukee Police Department is not subject to suit because a police department is not a "legal entity separable from the [local] government which it serves." *Whiting v. Marathon Cty. Sheriff's Dep't.*, 382 F.3d 700, 704 (7th Cir. 2014). Governments are not liable for the civil rights violations of their employees, and may only be liable under Section 1983 if there is an underlying policy that caused the harm. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Plaintiff does not allege that the harm she suffered was the result of a widespread policy that would give rise to *Monell* liability, therefore the Milwaukee Police Department must be dismissed from the action.

Magistrate Joseph also properly determined that there is no cognizable federal claim on the facts alleged. (Docket #5 at 3). Plaintiff states that she was illegally arrested and defamed, but does not allege a single fact that would enable the Court to infer that each arrest was illegal. All three arrests occurred after a private enterprise (Miller Time, the Hilton Hotel, and the Pfister Hotel) called the police to remove the Plaintiff from the premises. Plaintiff does not allege that the arrests lacked probable cause,

that any aspect of the arrest consisted of excessive force, or that she was held for an inappropriately long amount of time. Indeed, on each occasion, she was released from custody after being removed from the premises. Plaintiff also makes claims of race and gender discrimination, but does not allege a single fact that would allow the Court to draw an inference that her arrests were motivated by her race or her gender. Therefore, Plaintiff has failed to allege facts that would give rise to a cause of action under federal law.

Accordingly,

**IT IS ORDERED** that Plaintiff Brandy Bond's objections to Magistrate Judge Nancy Joseph's report and recommendation (Case No. 19-CV-29, Docket #6) be and the same are hereby **OVERRULED** to the extent that they pertain to this action;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation (Docket #5) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge